**Robert A. FRANK, Plaintiff–Appellant,**

v.

**Bernard D'AMBROSI; Bertin Steel Processing, Inc.; Michtin, Inc.; U.S.S., Inc.; U.S.X., Inc.; Robert Meyer; Robert K. Fravel; Atlas–Lederer Company; John Doe, (1–10), Defendants–Appellees.**

Nos. 91–3311, 91–3385.

United States Court of Appeals, Sixth Circuit.

Sept. 6, 1991.

Before NORRIS and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

ORDER

Plaintiff appeals the February 20, 1991, order of the district court granting summary judgment in favor of defendants in this action alleging claims under the Racketeer Influenced and Corrupt Organizations Act, and claims for securities fraud and for violations of state law. Plaintiff filed two separate notices of appeal in this case. The first was filed in the district court on

March 22, 1991, and docketed in this court as Case No. 91–3311. The second was filed in the district court on April 17, 1991, and docketed in this court as Case No. 91–3385.

On May 23, 1991, we *sua sponte* dismissed Case No. 91–3311 for lack of jurisdiction. Plaintiff now seeks reconsideration of that order, reinstatement of Case No. 91–3311 and its consolidation with Case No. 91–3385. In addition, plaintiff moves to correct or modify the record in Case No. 91–3385. The defendants oppose plaintiff's motions to correct or modify.

■ Upon reconsideration in light of a more complete record, we conclude that the May 23, 1991, order of dismissal was erroneous. Plaintiff's motion to alter, amend, or vacate, served on March 9, 1991, was not a timely Rule 59(e), Fed.R.Civ.P., motion and did not toll the time for filing a notice of appeal. *See McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1078 n. 1 (6th Cir.1989) (per curiam). Plaintiff's March 6, 1991, filings were not, and will not be construed as a Rule 59(e) motion. Thus, plaintiff's notice of appeal filed on March 22, 1991, was a timely appeal from the February 20, 1991 summary judgment order conferring jurisdiction in this court over Case No. 91–3311.

■ Upon consideration of plaintiff's motions to correct or modify the record, we conclude that plaintiff has failed to demonstrate that any relief under Rule 10(e), Fed.R.App.P., is warranted. It appears that all the pleadings and attachments filed in the district court are in the record and will be available for this court's review in connection with these appeals.

It therefore is ORDERED that this court's order of May 23, 1991, in Case No. 91–3311 is vacated, that Case No. 91–3311 is reinstated and is consolidated for briefing and submission with Case No. 91–3385. It further is ORDERED that plaintiff's motions to correct or modify the record in Case No. 91–3385 are denied.